Tuller v. Caldwell et al.

---

J. H. TULLER, Plaintiff in Error, vs. J. Y. CALDWELL ET AL., Defendants in Error.

WRIT OF ERROR TO THE DISTRICT COURT OF RAMSEY COUNTY.

A complaint in an action was left with the Defendant on the 10th of May, 1858. On the 10th of June thereafter a summons in the same action was served upon him, requiring him to answer the complaint, a copy of which was *therewith* served upon him; but no copy of the complaint did in fact accompany the summons : *Held*—that the action was not properly commenced, and that the Court had acquired no jurisdiction of the Defendant; that the summons should designate with unerring certainty what the Defendant is required to answer, and if the process served makes it doubtful or uncertain, the Defendant is entitled to the benefit of the uncertainty.

The record shows that a *summons*, which required the Defendant to "answer the complaint in the action, a copy of which is herewith served upon you," &c., &c., was served upon the Defendant, on the 10th *June*, 1858, and the complaint was served upon him on the 6th day of *May*, 1858. Judgment was entered upon default of an answer, and the Defendant reviews the same by Writ of Error.

The following are the points and authorities relied on by the Counsel for the Plaintiff in Error :

*First.*—The District Court erred in giving judgment in this action because it had not jurisdiction of the person of the Defendant.

*Second.*—Because the summons was issued out of a Court whose powers and whose existence had ceased long before the service of the summons.

*Third.*—The action was not legally commenced, because the summons is "process," and must be in the style, "The State of Minnesota." *Constitution of the State of Minnesota, Art. VI., Sec.* 14; *Blanchard vs. Strait,* 8 *How. Pr. R.* 84; *McCrane vs. Moulton,* 3 *Sanford* 736.

*Fourth.*—The summons is but the mandate of the Attorneys for the Plaintiff, without showing or naming any authority to call the Defendant into any Court in this State.

*Fifth.*—The judgment is erroneous because the Court had not jurisdiction of the subject matter of the suit.

*Sixth.*—The Court had no jurisdiction to try said action, and where the record shows the fact it is error for the Court to give judgment. *Rev. Stat. of Minn., Chap.* 70. *Sec.* 39, *subdiv.* 4.

*Seventh.*—If the summons were sufficient to bring the Defendant into Court, still the judgment is erroneous, because the complaint on file is not a complaint in this action, nor in any action in the Court rendering the judgment; but in a cause in another jurisdiction begun long before this action was commenced.

*Eighth*—It is error to enter a judgment without declaration filed. *Hardy vs. Moore,* 3 *Har. & McHen.* (*U. S. Dig., Vol.* 2, *p.* 165, *Sec.* 172 ;) *Bowie vs. State,* 3 *Har. & McHen.* 408, (*U. S. Dig., Vol.* 2, *p.* 165, *Sec.* 172.)

[The points and authorities of Defendants in Error are not on file.]

S. P. JENNISON, Counsel for Plaintiff in Error.

SMITH & GILMAN, Counsel for Defendants in Error.

*By the Court*—EMMETT, C. J.  A copy of the complaint simply was left with the Defendant in the original action, on the 10th day of May, 1858.  On the 10th of June thereafter the summons was served on him, containing a notice that unless he answered the complaint in said action, a copy of which was *therewith* served upon him, within twenty days,

the Plaintiff would apply to the Court for the relief demanded in the complaint. No copy of any complaint did in fact accompany the summons. The Defendant paid no attention to the matter, and judgment, as for want of an answer, was entered against him on the 19th day of August, 1858.

We think this action was not properly commenced. The statute contemplates either the service of a copy of the complaint at the time the summons is served, or that the complaint should be on file in the Clerk's office, and a notice of that fact stated in the summons. It at least requires that, in whatever way a copy of the complaint may legally be served, the summons should designate with unerring certainty what the Defendant is required to answer.

In this particular case the Defendant may possibly have supposed that the copy referred to in the summons, was the copy which had been left with him some four or five weeks before the summons was served, yet as the summons distinctly directed his attention to a copy therewith served, he might well have been puzzled to know what was referred to, and he is entitled to the benefit of the doubt.

The District Court not having acquired jurisdiction, the judgment must be reversed with costs.